ION THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| State of Minnesota, by its Attorney General, Mike Hatch, Plaintiff, | Case No. 01-CV-48 |
| vs. | Ann D. Montgomery, U.S.D.J. |
| Fleet Mortgage Corporation, a South Carolina corporation, Defendant. | Arthur J. Boylan, U.S.M.J. |

**STIPULATION AND PROTECTIVE ORDER**

WHEREAS, the parties agree that Fleet Mortgage Corporation ("Fleet Mortgage") has produced to the Office of the Attorney General of the State of Minnesota ("OAG") certain documents and things, and answers to interrogatories; and

WHEREAS the parties have resolved their dispute as to whether certain documents, things, answers to interrogatories and testimony sought in discovery in this litigation shall be treated as containing confidential, and/or trade secret information; and

WHEREAS the parties have agreed on a procedure for handling further disputes as to documents claimed by Fleet Mortgage to contain confidential and/or trade secret information, including those documents listed in Paragraph 8 of this Order;

IT IS HEREBY ORDERED THAT:

1. A party shall have the right to designate a document as confidential if the document actually contains trade secret data within the meaning of Minn. Stat. § 13.37

FILED MAY 22 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(2000) or otherwise is entitled to confidentiality under Rule 26 of the Federal Rules of Civil Procedure. The party producing such documents shall mark as "CONFIDENTIAL" each page, but only each page, of such documents that contains confidential information. For each such page designated as confidential, the producing party shall identify the basis for its claim by reference to the categories or descriptions of documents contained in Paragraph 7 of this Order or any other Order of the Court governing confidentiality of documents. For documents that do not fall into any such category, the producing party shall identify the factual and legal basis for its designation.

2. No party shall use documents and information designated as confidential pursuant to this Order for any purpose other than with respect to or relating to this litigation, unless the Court has determined that the document or information is not confidential.

3. No party shall disclose or permit disclosure of documents or information designated as confidential to any other person except their employees, consultants, witnesses, or experts engaged to work or assist on matters relating to this litigation. This Order binds any person to whom such disclosure is made.

4. Any person who obtains access to information designated as confidential information under this Order may make copies, duplicates, extracts, summaries, or descriptions of the information or any portion thereof only for work relating to this litigation. All copies, duplicates, extracts, summaries or descriptions shall be subject to the terms of this Order to the same extent and manner as original documents.

5. Any information designated as confidential information under this Order that is filed with any Court shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this litigation, an indication of the

nature of the contents of such sealed envelope or container, the word "CONFIDENTIAL," and a statement substantially in the following form:

> FILED UNDER SEAL - SUBJECT TO
> PROTECTIVE ORDER
>
> This envelope, containing documents subject to a protective order that are filed in this case by ___________ (the "filing party"), should not be opened and its contents should not be displayed or revealed except by order of the Court or consent of the filing party.

6. The receiving party may object in good faith to designation of materials as confidential at any time. A failure of any party to expressly challenge a document shall not constitute a waiver of the right to assert at a subsequent time that a document is not in fact confidential or the designation is not appropriate for any reason. If the receiving party disputes designation of document and information as confidential, the receiving party must notify the producing party in writing. The parties will then have five days to negotiate an informal resolution of the dispute. If attempts at an informal resolution of any such dispute prove unsuccessful, the producing party shall then file with the Court within seven days thereafter a noticed motion for protection pursuant to the Federal Rules of Civil Procedure and Local Rules of the United States District Court for the District of Minnesota. At least until the dispute is resolved, the document and information will be maintained as confidential.

7. Materials provided by Fleet Mortgage Corp. in response to the State of Minnesota's Civil Investigative Demand shall not be deemed confidential documents within the scope of this Order, with the following exceptions:

a. Subject to waiver by the customer, databases and/or other compilations containing lists of Fleet Mortgage customers and their addresses, and financial data about individual customer accounts are confidential. Nothing in this Order prohibits any party from contacting customers to discuss this data, or from using financial data in a summary exhibit. Fleet Mortgage's agreement to treat customer names and account information as confidential for purposes of this litigation is not intended as, and is not, an admission by Fleet Mortgage that such information is nonpublic.

b. Databases and/or compilations containing the address or personal identifying information about Fleet Mortgage employees, such as address and phone number, are confidential. This category does not include documents containing the name of employees and information regarding the employee's work at Fleet Mortgage or work history, such as Exhibit 2 to the Complaint.

c. Any information regarding the exact amount of revenue or compensation for each sale or the formulae for determining revenue to Fleet Mortgage from the sale of optional products is confidential. Documents containing such information shall be redacted prior to public disclosure.

8. Notwithstanding paragraph 7, the following materials provided by Fleet Mortgage Corp. in response to the State of Minnesota's Civil Investigative Demand will not be publicly disclosed by the State, without regard to whether those documents actually contain trade secrets within the meaning of Minn. Stat. § 13.37 (2000), unless and until the parties initiate and complete the challenge and review procedures provided for in paragraph 6 of this Order: F49-52, F946-52, F958-62, F1935-39, F1958-F2024, F2282-85, F2288-89, F2306-18, F2320-46, F2358-83, F2600, F2605-36, F2638-39, F2643-55, F2656, F2660-75,

F2677-97, F2698-F2724, F2726-54, F2756-57, F2759-63, F2765-71, F2772-91, F2792-F2801, F2802-12, F2813-23, F2825-29, F2832-35, F2837-42, F2844-F52, F2854-58, F2860-65, F2867-79, F2880-91, F2892-F2901, F2902-35, F2936-43, F2944-49, F2950-59, F2960-66, and F2967-77.

9. Nothing in this Order affects a party's rights regarding use of any document or information to which it has gained access by other means.

10. Nothings in this Order shall prevent any party from using designated materials in connection with the trial of this matter or from seeking further protection with respect to the use of any designated materials in connection with the trial of this matter.

11. The parties will remain bound by the Protective Order and the Court shall retain jurisdiction to enforce this Protective Order even after the termination of this litigation.

IT IS SO STIPULATED:

Dated: May 16, 2001

MIKE HATCH
Attorney General
State of Minnesota
445 Minnesota Street, No. 1400
St. Paul, MN 55101-2131
(651) 296-7575

Prentiss Cox
Assistant Attorney General

ATTORNEYS FOR
STATE OF MINNESOTA

SKADDEN, ARPS, SLATE
MEAGHER & FLOM, LLP
1440 New York Avenue N.W.
Washington, D.C. 20005
(202) 371-7000

5/21/01

Gary DiBianco

Andrew L. Sandler
Gary DiBianco

BRIGGS AND MORGAN, P.A.
Alan H. Maclin
Lisa Agrimonti
2200 First National Bank Building
332 Minnesota Street
Saint Paul, MN 55101
(651) 223-6600

ATTORNEYS FOR
FLEET MORTGAGE CORPORATION

IT IS SO ORDERED:

Dated: 5/22/01

UNITED STATES MAGISTRATE JUDGE

AG: 479847,v. 01

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.