**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

State of Minnesota, by its
Attorney General, Mike Hatch,

Plaintiff,

v.

Fleet Mortgage Corporation,
a South Carolina corporation,

Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 01-48 ADM/AJB

---

Prentiss Cox, Esq., Assistant Attorney General, St. Paul, MN, on behalf of Plaintiff.

Andrew L. Sandler, Esq., Skadden, Arps, Slate, Meagher & Flom, Washington, DC, and Lisa Agrimonti, Esq., Briggs and Morgan, St. Paul, MN, on behalf of Defendant.

---

Before the undersigned United States District Judge is Defendant Fleet Mortgage Corporation's ("FMC") Motion to Amend Order to Allow Interlocutory Appeal, and Request for a Stay [Doc. No. 67]. For the reasons set forth below, the Motion is denied. The relevant background regarding this Motion is set forth in this Court's Order of December 21, 2001 [Doc. No. 66], and is incorporated herein by reference.

FMC seeks discretionary authorization of an interlocutory appeal under 28 U.S.C. § 1292(b) of this Court's Order denying FMC's Motion to Dismiss for Lack of Subject Matter Jurisdiction [Doc. No. 42]. To certify an order for interlocutory appeal, a district judge must be of the opinion that the order (1) involves a controlling question of law, (2) as to which there is a substantial ground for disagreement, and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); White v. Nix, 43 F.3d 374, 376 n.1 (8th

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Cir. 1994).

The Eighth Circuit has counseled that the long policy of the courts to discourage piece-meal appeals requires that permission to allow interlocutory appeals must be "granted sparingly and with discrimination." White, 43 F.3d at 376. District courts have "first line discretion" in determining whether or not to certify an interlocutory appeal. Swint v. Chambers County Com'n, 514 U.S. 35, 47 (1995). "[T]he movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." White, 43 F.3d at 376 (holding that the district court abused its discretion in certifying an interlocutory appeal).

The instant case is not one in which there is a substantial ground for disagreement. FMC argues that because the Order is the first federal court interpretation of the meaning of § 133 of the Gramm Leach Bliley Act ("GLBA"), there is a substantial ground for disagreement. FMC also asserts that the fact that two federal agencies, the Federal Trade Commission ("FTC") and the Office of the Comptroller of the Currency ("OCC"), each submitted briefs of *amicus curiae* propounding opposite interpretations of § 133, is in itself evidence of a substantial ground for disagreement.

The fact that no prior cases interpret a statutory provision "does not necessarily create substantial grounds for difference of opinion." U.S. ex rel. Hollander v. Clay, 420 F.Supp. 853, 859 (D.D.C. 1976) ("While certainly the ultimate termination of this litigation would be advanced if the Court of Appeals heard and sustained defendant's defense at this time, the court is not of the opinion that this is a likely course of events"). In denying an interlocutory appeal, the Hollander court noted that such appeals are "to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation. It was not intended merely to provide review of difficult rulings in hard cases." Id. (citing United States Rubber Co. v. Wright, 359 F.2d 784, 785

(9th Cir. 1966)). The novelty of the Order interpreting § 133 is not a sufficient reason to allow an interlocutory appeal.

That the FTC and OCC disagree as to the proper interpretation of § 133 is likewise not an appropriate basis for interlocutory appeal. The existence of "a substantial ground for difference of opinion" does not necessarily warrant interlocutory appeal. State of N.C. ex rel. Howes v. W.R. Peele, Sr. Trust, 889 F.Supp. 849, 852 (E.D.N.C. 1995). This Court's Order was issued interpreting the clear language of the statute. Even another district court's contrary finding would not in itself warrant an interlocutory appeal. See Singh v. Daimler-Benz, AG, 800 F.Supp. 260 (E.D.Pa. 1992). Thus, an opinion of the OCC antithetical to this Court's Order certainly is not a substantial ground for disagreement sufficient to establish the propriety of an immediate appeal.

An interlocutory appeal would further delay this action. The ultimate termination of this litigation is materially advanced by proceeding toward trial at the district court level. Therefore, the Court will not invoke its discretionary authority to certify the issues decided in the December 21, 2001, Order to the Court of Appeals. FMC's Motion is denied.

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that FMC's Motion to Amend Order to Allow Interlocutory Appeal, and for a Stay [Doc. No. 67] is **DENIED**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: January 24, 2002